IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Rosemary Huanaco,<br><br>         Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.,<br>an Ohio corporation,<br>Equifax Information Services, LLC<br>a Georgia corporation,<br>Trans Union, LLC,<br>a Delaware limited liability company, and<br>Credit Acceptance Corporation,<br>a Michigan corporation.<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

COMES NOW the Plaintiff, Rosemary Huanaco (hereafter the "Plaintiff) by Counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of San Elizario, El Paso County, Texas.

4. Venue is proper in the Western District of Texas, El Paso Division.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Dallas County, Texas;

    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Travis County, Texas;

    c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Travis County, Texas; and

    d. Credit Acceptance Corporation ("Credit Acceptance"), which is a Michigan corporation that maintains a registered agent in Travis County, Texas.

## GENERAL ALLEGATIONS

6. In March 2013, Plaintiff's vehicle was repossessed.

7. In May 2016, Ms. Huanaco obtained her credit files. She began disputing a Credit Acceptance trade line with account number 3842XXXX ("Errant Trade Line") as it was reporting an inaccurate date of repossession.

8. On or about September 15, 2016, Ms. Huanaco obtained her credit files again and noticed that Credit Acceptance was continuing to report its Errant Trade Line with multiple

inaccurate recent repossession dates. It was also reporting that the vehicle was repossessed as recently as September 2016.

9. On or about October 10, 2016, Ms. Huanaco submitted a letter to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs") disputing the inaccurate repossession dates it was reporting.

10. Upon information and belief, the CRAs forwarded Ms. Huanaco's consumer dispute to Credit Acceptance.

11. On or about November 9, 2016, Ms. Huanaco received Experian's investigation results which showed that Credit Acceptance reported the Errant Trade Line with a repossession remark as recently as November 2016.

12. On or about November 10, 2016, Ms. Huanaco received Equifax's investigation results which showed that Credit Acceptance reported the Errant Trade Line with a repossession remark as recently as September 2016.

13. On or about November 12, 2016, Ms. Huanaco received Trans Union's investigation results which showed that Credit Acceptance reported the Errant Trade Line with a repossession remark as recently as September 2016.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff have been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or

improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ACCEPTANCE

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by the CRAs of Ms. Huanaco's consumer dispute of the erroneous repossession remark of the Errant Trade Line, Credit Acceptance negligently failed to conduct a proper investigation of Ms. Huanaco's dispute as required by 15 USC 1681s-2(b).

17. Credit Acceptance negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the erroneous recent repossession remark in September and November 2016 of the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Huanaco's consumer credit file with the CRAs to which it is reporting such trade line.

19. As a direct and proximate cause of Credit Acceptance's negligent failure to perform its duties under the FCRA, Ms. Huanaco has suffered damages, mental anguish, suffering, humiliation and embarrassment.

20. Credit Acceptance is liable to Ms. Huanaco by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Ms. Huanaco has a private right of action to assert claims against Credit Acceptance arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit Acceptance for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ACCEPTANCE

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by the CRAs that Ms. Huanaco disputed the accuracy of the information it was providing, Credit Acceptance willfully failed to conduct a proper reinvestigation of Ms. Huanaco's dispute.

24. Credit Acceptance willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Credit Acceptance's willful failure to perform its duties under the FCRA, Ms. Huanaco has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Credit Acceptance is liable to Ms. Huanaco for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit Acceptance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

29. Such reports contained information about Ms. Huanaco that was false, misleading, and inaccurate.

30. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

31. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Experian is liable to Ms. Huanaco by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

36. Such reports contained information about Ms. Huanaco that was false, misleading, and inaccurate.

37. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

38. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Experian is liable to Ms. Huanaco by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

43. Such reports contained information about Ms. Huanaco that was false, misleading and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

45. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

47. Equifax is liable to Ms. Huanaco by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

50. Such reports contained information about Ms. Huanaco that was false, misleading and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

52. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

54. Equifax is liable to Ms. Huanaco by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

57. Such reports contained information about Ms. Huanaco that was false, misleading and inaccurate.

58. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

59. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

61. Trans Union is liable to Ms. Huanaco by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Huanaco as that term is defined in 15 USC 1681a.

64. Such reports contained information about Ms. Huanaco that was false, misleading and inaccurate.

65. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Huanaco, in violation of 15 USC 1681e(b).

66. After receiving Ms. Huanaco's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

67. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Huanaco has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

68. Trans Union is liable to Ms. Huanaco by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment

against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 21, 2017

Respectfully submitted,

/s/ Dennis McCarty_____
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 111070
Carrollton, TX., 75011
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net